Filed 7/19/21  P. v. Williams CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>SHON OLIVENTA WILLIAMS,<br><br>　　Defendant and Appellant. | B309281<br>(Los Angeles County<br>　Super. Ct. No. YA093048) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura C. Ellison and William C. Ryan, Judges.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Shon Oliventa Williams appeals from postconviction orders summarily denying two petitions for writ of habeas corpus seeking

resentencing under Penal Code section 1170, subdivision (d).[1] His appellate counsel filed a brief asking this court to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Because the trial court and this court lack jurisdiction to grant the relief requested by Williams, we dismiss his appeal.

## BACKGROUND AND DISCUSSION

In June 2016, Williams pleaded nolo contendere to one count of carjacking (§ 215, subd. (a)). He admitted he had suffered two prior strikes under the Three Strikes law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)) for two robbery convictions in 1987 and 1982. Williams was sentenced in this case to an overall term of 15 years imprisonment (consisting of the middle term of five years for carjacking, doubled under the Three Strikes law, plus five years for a prior serious or violent conviction (§ 667, subd. (a)(1)).

In August 2020, Williams filed a petition for writ of habeas corpus based on Senate Bill No. 1393 (S.B. 1393), which deleted the restriction prohibiting a judge from striking serious felony convictions in connection with the imposition of the five-year enhancement under subdivision (a)(1) of section 667. (Legis. Counsel's Dig., Sen. Bill No. 1393 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1013.) In his petition,

---

[1] Subsequent references to statutes are to the Penal Code unless otherwise indicated. Williams filed a separate notice of appeal from each order. By prior order of this court, both notices of appeal were consolidated for all purposes.

Williams requested that the trial court resentence him in accordance with S.B. 1393 and section 1170, subdivision (d)(1), which authorizes recall of sentence by the trial court within 120 days of the date of commitment, or at any time upon the recommendation of the Secretary of the jail or prison in which the defendant is incarcerated, the Board of Parole Hearings, or the District Attorney of the county in which the defendant was sentenced. The trial court summarily denied the petition. Williams filed a notice on November 4, 2020 appealing the court's order.

On August 25, 2020, Williams filed a second petition for writ of habeas corpus seeking the same relief under S.B. 1393 and section 1170, subdivision (d)(1). On November 30, 2020, the trial court denied the petition after concluding it had no jurisdiction to recall Williams's sentence. The court also noted that the sentence was the result of a plea agreement, the absence of which exposed Williams to a maximum term of 45 years to life. Williams filed his second appeal from the November 30, 2020 order.

We appointed appellate counsel for Williams. Citing *Serrano*, *supra*, 211 Cal.App.4th 496, counsel filed an opening brief setting out the relevant procedural history, and declared that he found no arguable issues to raise on appeal. Counsel stated he had explained his evaluation to Williams and informed him of his right to file a supplemental brief. On March 30, 2021, we advised Williams he had 30 days to file a supplemental brief.

Williams submitted two supplemental briefs and a request for judicial notice.[2] His first supplemental brief is in the form of a petition for writ of mandate in which Williams asserts there will be a miscarriage of justice if the courts refuse to grant him relief. He repeats the argument in his second supplemental brief in which he attached a volume of documents that he asserts meet the criteria for a recall of sentence under subdivision (d)(1) of section 1170. In both supplemental briefs, Williams concedes that the courts have no jurisdiction to rule in his favor at this time.

Williams's concession is well-taken. ""It is settled that the right of appeal is statutory and that a . . . order is not appealable unless expressly made so by statute."" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) And while a postjudgment order affecting a defendant's substantial rights is appealable, subject to limited statutory exceptions, once a judgment has been rendered, a trial court is without jurisdiction to vacate or modify a sentence. (§ 1237, subd. (b); *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 (*Hernandez*); *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 (*Fuimaono*).)

---

[2] In his request for judicial notice, Williams asserts that his medical records establish underlying conditions placing him at high risk of infection from COVID-19. Williams requests that the District Attorney's office and this court consider his medical condition when reviewing the merits of his petitions.

We decline to take judicial notice of the requested medical records, which are not subject to judicial notice in this appeal. (See Evid. Code, §§ 450; 452, subd. (h).)

Section 1170, subdivision (d) creates no such statutory exception. (*People v. Loper* (2015) 60 Cal.4th 1155, 1165 (*Loper*) [section 1170, subdivision (d) does not "[authorize] a prisoner personally to initiate a sentence recall proceeding in the trial court"]; *Fuimaono, supra,* 32 Cal.App.5th at p. 134.) Because the trial court lacked jurisdiction to modify Williams's sentence, this court lacks jurisdiction to consider its orders denying his habeas petitions. (*Hernandez, supra,* 34 Cal.App.5th at p. 327; *Loper, supra,* at p. 1166; *Fuimaono, supra,* at p. 135.) Therefore, the appeal is dismissed.[3]

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                        WILLHITE, Acting P. J.

We concur:


COLLINS, J.                    CURREY, J.

---

[3]     Our dismissal should not be construed as a limitation on Williams's right to seek resentencing should qualifying circumstances under section 1170 arise. (See § 1170, subds. (d)(1) [court may, at any time upon recommendation of the secretary, Board of Parole Hearings, county correctional administrator, or county district attorney, recall the sentence and commitment previously ordered and resentence the defendant to a lower term of imprisonment], (e)(1)-(11) [recall of sentence may lie for those suffering from an incurable condition or permanent medical condition causing incapacitation].)